

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# In Re: Chadwick

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Chadwick " (2008). *2008 Decisions.* Paper 731.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/731

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4288
_____

In re:  H. BEATTY CHADWICK,
                                        Appellant

OFFICE OF DISCIPLINARY COUNSEL,
                                        Appellee
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 05-mc-00084)
District Judge:  Honorable John R. Padova
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July  25, 2008
Before:  McKEE, FUENTES and WEIS, Circuit Judges.

Filed   August 4, 2008

_____

OPINION

_____

WEIS, Circuit Judge.

        Appellant H. Beatty Chadwick appeals from an order suspending him from

the practice of law in the Eastern District of Pennsylvania for five years.

        In 2007, the Pennsylvania Disciplinary Board concluded that Chadwick had

1

violated the Pennsylvania Rules of Disciplinary Enforcement and Rules of Conduct relating to the conviction of a crime which may result in suspension, engaging in deceitful and dishonest conduct, and engaging in conduct that is prejudicial to the administration of justice. The violations stemmed from contempt findings for his refusal to obey orders of the Delaware County Court of Common Pleas in his bitter divorce proceedings and his conviction for two counts of simple assault while resisting arrest.

On April 27, 2005, the Supreme Court of Pennsylvania accepted the Board's recommendation to suspend Chadwick from the practice of law for five years. In May 2005, the District Court issued an Order to Show Cause why identical discipline should not be imposed. After reviewing written submissions on the matter and holding two hearings, a three-judge panel of the District Court recommended the imposition of reciprocal discipline. The Court adopted the recommendation.

Chadwick argues that the District Court panel erred by deferring to the state court findings without carrying out a sufficient review of the evidentiary record supporting them. He argues that a proper review of the state court proceedings shows that the findings of contempt were not supported by sufficient evidence.

Chadwick was not entitled to a de novo review of the state court proceedings in the District Court. In re Surrick, 338 F.3d 224, 231 (3d Cir. 2003). Instead, the District Court was required to independently review the state disciplinary proceedings "for consistency with the requirements of due process, adequacy of proof and

2

absence of any indication that imposing discipline would result in grave injustice." Id. (quoting In re Jacobs, 44 F.3d 84, 88 (2d Cir. 1994)). The District Court fully understood and properly carried out its role of reviewing the state court proceedings for serious infirmities. Id.

Nor do we find any serious infirmities in the state court proceeding in carrying out our "extremely limited" review. Id. (quoting In re Abrams, 521 F.2d 1094, 1101 (3d Cir. 1975)). The record supports the District Court's conclusion that the Supreme Court had an abundant basis on which to impose discipline. Chadwick's primary argument is that the contempt findings were unsound because there was insufficient evidence to show that he was capable of complying with the relevant orders. The state courts have repeatedly found that Chadwick was capable of complying with the order after providing him a sufficient opportunity to be heard and reviewing ample evidence on the matter.

We conclude that the District Court did not abuse its discretion in imposing reciprocal discipline.